Filed 11/17/22  P. v. Myles CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076505 |
| v. | (Super.Ct.No. FSB10937) |
| JOHN MYLES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Michael A. Smith, Judge. (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Reversed with directions.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland and Julie L. Garland, Assistant Attorneys General, Daniel Rogers and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2001, a jury convicted John Myles of first degree murder and found true the robbery-murder special circumstance, which authorizes a sentence of life without the possibility of parole for "a major participant" in a felony murder who acted with "reckless indifference to human life." (Pen. Code, § 190.2, subds. (a)(17) & (d), unlabeled statutory citations refer to this code.) In 2019, Myles filed a petition to vacate his murder conviction under new section 1172.6 (formerly section 1170.95).[1] The trial judge summarily denied the petition on the ground the special circumstance finding rendered Myles categorically ineligible for resentencing because it demonstrated the jury found he was "a major participant" in the underlying robbery and acted "with reckless indifference to human life." (§ 190.2, subd. (d).)

On appeal, Myles argued the special circumstance finding did not render him ineligible as a matter of law because it predated the California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which clarified what "major participant" and "reckless indifference to human life" mean for purposes of section 190.2, subdivision (d). In our original opinion, we disagreed and affirmed the summary denial of his petition on that basis.

---

[1] Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no change in text.(Stats. 2022, ch. 58, § 10.) We use section 1172.6 to refer to the statute.

The California Supreme Court subsequently granted review of our opinion and deferred action pending its decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), and it has now transferred the matter back to us with directions to vacate our original opinion and reconsider Myles's appeal taking *Strong* into consideration. Having done so, we conclude Myles has demonstrated a prima facie case for relief. We therefore reverse and remand for further proceedings.

## I

## FACTS

On April 20, 1996, Myles took an accomplice, Tony Rogers, with him to rob a restaurant. Myles ordered Rogers to hold a gun on employees in the kitchen, and to shoot anyone who tried to leave. Meanwhile, Myles robbed the patrons and took money from the cash register. When one of the patrons tried to take Rogers's gun, Rogers shot him several times, killing him. (*People v. Myles* (2012) 53 Cal.4th 1181, 1189-1190 (*Myles*).) A jury convicted Myles of first degree murder (§ 187, subd. (a)) and found true the special circumstance allegation that the murder was committed while Myles was engaged in the commission of robbery (§ 190.2, subd. (a)(17)(A)).[2] The trial judge sentenced

---

[2] The jury also convicted Myles of two counts of second degree robbery (§ 211) and one count of unlawful possession of a firearm (former § 12021, subd. (a)(1) (now § 29800, subd. (a)(1); Stats.2010, ch. 711)). It found true the allegation that Myles personally used a handgun. (§ 12022.5, subd. (a).) (*Myles*, *supra*, 53 Cal.4th at p. 1186.)

Myles to death on two counts, and a total determinate term of 11 years four months on the remaining counts.

In 2015 and 2016, the California Supreme Court decided *Banks* and *Clark*, respectively, which discuss when section 190.2 authorizes a special circumstance life without parole sentence for a felony-murder defendant convicted as an aider and abettor. (*Banks*, *supra*, 61 Cal.4th at p. 794; *Clark*, *supra*, 63 Cal.4th at pp. 609-610.) Those decisions held that participation in an armed robbery, on its own, is insufficient to support a finding that the defendant acted with reckless indifference to human life. Instead, the fact finder must consider "the defendant's *personal* role in the crimes leading to the victim's death and weigh the defendant's individual responsibility for the loss of life, not just his or her vicarious responsibility for the underlying crime." (*Banks*, at p. 801.) "The defendant must be *aware of and willingly involved in* the violent manner in which the particular offense is committed," thereby "demonstrating reckless indifference to the significant risk of death his or her actions create." (*Ibid.*, italics added.) *Banks* provided a nonexhaustive list of factors to consider when determining whether the defendant was a major participant in the underlying felony, and *Clark* provided a similar list for determining whether the defendant acted with reckless indifference to human life. (*Banks*, at p. 803; *Clark*, at pp. 619-623.)

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which, among other things, amended the definition of felony murder in section 189 and created a procedure for vacating murder convictions predating the

amendment that could not be sustained under the new law. (Stats. 2018, ch. 1015, § 4.) Following this procedure, Myles filed a petition for resentencing, and the trial judge appointed him counsel. The judge hearing the petition was the same judge who presided over Myles's trial. After briefing from both parties, the judge concluded based on his own recollection of the facts from the trial that he was "satisfied that [] Myles was both a major participant and was acting with reckless disregard for human life." In addition, he concluded the robbery-murder special circumstance rendered Myles ineligible for relief as a matter of law and denied the petition on both grounds. Myles timely appealed.

## II

## ANALYSIS

Myles argues the trial court erred by performing inappropriate factfinding and in concluding the special circumstance renders him ineligible as a matter of law.

Senate Bill 1437 narrowed the felony-murder rule and eliminated the natural and probable consequences doctrine. (*People v. Gentile* (2020) 10 Cal.5th 830, 849.) As relevant here, Senate Bill 1437 amended the felony-murder rule to provide that "[a] participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder *only if* one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, *with the intent to kill*, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the *commission of murder in the first degree*. [¶] (3) The person was a major participant in the underlying felony and acted with *reckless*

5

*indifference to human life*, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e), emphasis added.)

Senate Bill 1437 also created a procedure for offenders previously convicted of murder to seek retroactive relief if they could no longer be convicted of murder under the new law's changes to the definition of murder. (Stats. 2018, ch. 1015, § 4.) Under section 1172.6, such offenders may petition to have their convictions vacated and are entitled to relief if (1) the complaint or information filed against them allowed the prosecution to proceed under the felony-murder rule or natural and probable consequences doctrine, (2) they were "convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder," and (3) they "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189." (§ 1172.6, subd. (a).)

Faced with such a petition, the judge must determine whether the petitioner has made a prima facie showing that they qualify for resentencing. (§ 1172.6, subd. (c).) When conducting a prima facie review, " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) We review this purely legal decision de novo. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 981, disapproved on other grounds in *Lewis*, at p. 963.)

6

After issuing a show cause order, the judge must hold "a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced." (§ 1172.6, subds. (c), (d)(1).) At the hearing, the People bear the burden "to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3).)

In *Strong*, our Supreme Court held that a true finding on a robbery-murder special circumstance that predates *Banks* and *Clark* does not render a section 1172.6 petitioner ineligible for relief as a matter of law because the finding was made "under outdated legal standards." (*Strong*, *supra*, 13 Cal.5th at p. 720.) In addition, *Strong* also held that a court's postconviction determination that substantial evidence supports the finding under *Banks* and *Clark* also does not render the petitioner ineligible as a matter of law because the determination "would not involve a determination beyond a reasonable doubt that [the current legal standards] were met." (*Strong*, at p. 720.)

Having reconsidered this case under these principles, we conclude Myles has established a prima facie case for relief because his special circumstance finding predates *Banks* and *Clark*. The trial judge also erred in concluding "[t]he issue then is whether or not there is sufficient evidence for the Court to find that [] Myles was a major participant in the underlying felony, the robbery, and that he was acting with reckless disregard for human life." The court's job was to assess whether Myles's petition made a prima facie

7

case for eligibility, not analyze the sufficiency of the evidence supporting previous factual findings or make factual findings of its own.

## III

## DISPOSITION

We reverse the order denying Myles's petition and remand for further proceedings.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH           
                       Acting P. J.

We concur:

FIELDS          
            J.

RAPHAEL        
            J.

8